liWOODARD, Judge.
In this medical malpractice action, Dr. Charles Frazer, the Defendant, seeks review of the trial court’s grant of a rule to remove a member of the medical review panel. We affirm.
* # * * #
On July 29, 1999, Kendra Johnson delivered a baby boy. During the delivery, allegedly, Dr. Frazer and Savoy Medical Center committed malpractice. An improper episiotomy caused various medical problems for Ms. Johnson, including a rec-toperineal fistula and absence of the rectal sphincter. These problems necessitated surgical intervention several months post-delivery.
Subsequently, a medical review panel was convened. The Defendants elected Dr. Upendra Kulkarni as their choice of physician panel member. However, Ms. Johnson objected, alleging that he had a conflict of interest because he had staff privileges at Savoy Medical Center and, also, had seen and examined her one time during her pregnancy, on March 29, 1999, at Dr. Frazer’s request.
Accordingly, on July 31, 2001, she filed a rule to show cause why the Defendants should not be ordered to withdraw Dr. Kulkarni from the panel. The trial court granted the rule and ordered his withdrawal and that the Defendants select another physician in his place. The Defendants lodged this appeal.
[[Image here]]
La.R.S. 40:1299.41, eh seq., governs medical malpractice claims. Before filing suit, the plaintiff must submit the claim to a medical review panel[1] composed of one *1221 physician whom the plaintiff selected and another, whom the defendant selected.[2] The first two members, then, select a third health care provider panel member.[3] Each | ^panelist must take an oath, swearing to perform his duties without partiality or favoritism and recognizing that s/he represents neither side.[4]
La.R.S. 40:1299.47(0(5) provides, in pertinent part:
Before entering upon their duties, each voting panelist shall subscribe before a notary public the following oath:
I,(name) do solemnly swear/affirm that I will faithfully perform the duties of medical review panel member to the best of my ability and without partiality or favoritism of any kind. I acknowledge that I represent neither side and that it is my lawful duty to serve with complete impartiality and to render a decision in accordance with law and the evidence.
Furthermore, the provisions on medical malpractice claims mandate that, prior to the hearing, a panelist shall disclose, in writing, to the parties, any employment or financial relationship with the claimant, the health care provider against whom a claim is asserted, the attorneys representing the claimant or health care provider, or any other relationship that might give rise to a conflict of interest for the panelists.[5]
In the instant case, neither party provided a writing.
Notwithstanding, Ms. Johnson submits that an inherent conflict of interest exists between Drs. Kulkarni and Frazer because of the nature of Dr. Kulkarni’s relationship with both Dr. Frazer and the Savoy Medical Center. Therefore, she argues that Dr. Kulkarni would breach his duty of impartiality by serving as a panelist on this particular medical review panel.
Additionally, she relies on the portion of the statute which reads “any other relationship that might give rise to a conflict of interest for the panelists” for the proposition that a potential conflict of interest or appearance of impropriety requires removal from the medical review panel.
Nevertheless, we address Dr. Kulkarni’s status as a fact witness, first, as it is dispositive in the matter, and our decision on it renders, pretermitted, the other issues, which Ms. Johnson raises to support her request for removal. Therefore, we consider |swhether a physician, who examined and treated a patient, may serve on the medical review panel of another physician, treating the same patient for the same purposes.
On March 29, 1999 — four months prior to her delivery — Dr. Kulkarni examined Ms. Johnson for vaginal bleeding. Consequently, her counsel maintains that he is a probable fact and expert witness who will be able to testify, if called, regarding the condition of her vagina, rectum, rectal sphincter, and perineum. Additionally, he may testify regarding the existence or absence of any abnormalities on the date of the examination and, therefore, contend that Dr. Frazer was negligent in performing the episiotomy. Ultimately, the medical review panel members must express their expert opinions regarding whether *1222 the evidence supports a conclusion that the defendant doctor breached the appropriate standard of care.[6] Because Dr. Kulkarni’s direct testimony as a fact witness may confirm or negate Dr. Frazer’s negligence, alone, the trial court did not err by granting the rule for removal.
Also, the Defendants assert that the trial court erred by taking judicial notice of Dr. Kulkarni’s relationship with the employees of Savoy Medical Center because it cannot form part of the “common knowledge of every person of ordinary understanding and intelligence.” In light of our previous ruling, this issue is, also, preter-mitted.
CONCLUSION
Four months into Ms. Johnson’s pregnancy, Dr. Frazer requested that Dr. Kul-karni examine her. His examination made him a potential fact and expert witness. Consequently, he should have been withdrawn from the medical review panel.
Accordingly, we affirm the trial court’s judgment, which ordered that Dr. Frazer be directed to withdraw Dr. Upendra Kul-karni as a member of the medical review panel to be constituted for the review of this case.
AFFIRMED.

. La.R.S. 40:1299.47(A).

. La.R.S. 40:1299.47(C)(3)(f)(ii).

. La.R.S. 40:1299.47(C)(3)(d).

. La.R.S. 40:1299.47(0(5).

.La.R.S. 40:1299.47(0(7).

. La.R.S. 40:1299.47(G).